BRIAN MILLSAP V. SHOW TRUCKS USA, INC.

NO. 07-09-0264-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 17, 2009

______________________________

ARMANDO BARRERA, JR.,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 110th DISTRICT COURT OF DICKENS COUNTY;

NO. 2367; HON. WILLIAM P. SMITH, PRESIDING

_______________________________

ON ABATEMENT AND REMAND

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 Armando Barrera, Jr. (appellant) appeals from his conviction for driving while intoxicated.  He filed his notice of appeal on August 7, 2009.  The clerk’s record was filed on September 1, 2009, and the reporter’s record on September 25, 2009.  Appellant’s brief was due on October 26, 2009.  Neither a brief nor a motion for extension was filed by that date, however.  On November 2, 2009, the court sent a letter to appellant notifying him that the brief was overdue and that it or response was due on November 12, 2009.  To date, no brief nor an extension to file the brief has been filed.

Consequently, we abate the appeal and remand the cause to the 110th District Court (trial court) for further proceedings.  Upon remand, the trial court shall undertake those proceedings necessary to determine the following:

whether appellant is indigent; 

whether appellant desires to prosecute the appeal;

3.   whether appellant has been denied the effective assistance of counsel due to appellate counsel’s failure to timely file an appellate brief.  
See
 
Evitts v. Lucey
, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief); and,

4. why appellant’s appointed counsel has not complied with the 

previously established deadlines.

Should the trial court find that appellant desires to pursue the appeal, is indigent, and has been denied effective assistance of counsel, we direct it to appoint new counsel for appellant to prosecute the appeal.  Any and all orders issued as a result of its proceeding shall be included in a supplemental clerk’s record and filed with this court on or before December 17, 2009.  Should additional time be needed to perform these tasks, the trial court may request same on or before December 17, 2009.

It is so ordered.

Per Curiam

Do not publish.